IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

JOSEPH K. COLONE, JR.            §

VS.                              §   CIVIL ACTION NO. 1:07cv283

UNITED STATES OF AMERICA         §

MEMORANDUM OPINION

Petitioner Joseph K. Colone, Jr., an inmate confined at the Federal Correctional Institution at Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Factual Background

In 2003, petitioner was convicted of Robbery of an Armored Car Employee, in violation of 18 U.S.C. § 1915, and of Illegally Receiving and Possessing a Stolen Firearm, in violation of 18 U.S.C. § 922(j). He was sentenced to 87 months imprisonment. The judgment provided the sentence was to run concurrently with a sentence imposed 252nd District Court of Jefferson County, Texas, in Cause No. 80366, in the event a future sentence was imposed in that cause.

Petitioner complains that the Bureau of Prisons ("BOP") has failed to give him credit towards his sentence for the period beginning on June 10, 2002, and ending on September 4, 2002.

## The Response

The respondent asserts this petition should be dismissed because petitioner has not exhausted his administrative remedies. In addition, the respondent states the petition is without merit.

Attached to the response filed to this petition is a declaration from Cheryl Pauley, a Correspondence Specialist at the Designation and Sentence Computation Center in Grand Prairie, Texas. Ms. Pauley states, in part, as follows:

> I have audited the sentence computation for petitioner .... Petitioner has filed this Writ of Habeas Corpus disputing the projected release date of his sentence, thereby in essence challenging the constitutionality of the BOP's calculation of his sentence.
>
> Petitioner was arrested on June 10, 2002, by officers of the Jefferson County Sheriff's Department and charged with two (2) counts of Aggravated Robbery and a probation violation, Case Nos. 86681 and 86682.
>
> Petitioner was removed from the Jefferson County Jail via a writ of habeas corpus for his initial appearance in the United States District Court on June 17, 2002, pursuant to a Criminal Complaint charging him with robbery. Petitioner was returned to state custody that same day.
>
> On September 4, 2002, Petitioner was released on bond from Jefferson County to the custody of the United States Marshal Service, where he remained until sentenced on the federal charges.

Petitioner was sentenced on April 22, 2003, in the United States District Court for the Eastern District of Texas to an 87-month term for Robbery of a Rochester Armored Car Employee, Illegally Receiving and Possessing a Stolen Firearm, Namely a Ruger p-95, 9 Millimeter Handgun, and a Beretta Model 92, 9 Millimeter Handgun.

The Bureau of Prisons prepared a sentence computation indicating Petitioner's sentence commencing on April 22, 2003, the date of imposition. As the state charges were pending at that time, Petitioner was awarded prior custody credit from the date of his arrest on June 10, 2002, through April 21, 2003, the day prior to the imposition and commencement of the federal sentence. This award was in accordance with 18 U.S.C. § 3585(b)(2) which states, "Prior Custody Credit will be given for time spent in official detention as a result of any federal, state or foreign arrest which is not related to, yet occurred on or after the date of the federal offense for which the ... sentence was imposed; provided it has not been credited to another sentence." This resulted in a projected release date of October 2, 2008.

Petitioner was released to the custody of the Jefferson County Sheriff's Department on April 26, 2004, via a writ of habeas corpus ad prosequendum. Petitioner was subsequently sentenced in Jefferson County District Court to 13-year concurrent terms in Case Nos. 86601 and 86602, and a 2-year concurrent term in Case No. 80366.

Following petitioner's return to federal custody, his sentence computation was updated to remove previously awarded prior custody credit. Staff at USP Beaumont verified Petitioner received credit towards his state sentence from the date of his arrest on June 10, 2002, until his release on bond on September 4, 2002. Therefore this period of credit was removed, resulting in a projected release date of February 1, 2009.

Removal of this period of time was in accordance with Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984</u>) which states: "Credit previously awarded which must be withdrawn later. In the event periods of state (or foreign) credit unrelated to the ... offense are applied to

3

> a ... sentence, and the state (or foreign country) later convicts and sentences the individual to a term of imprisonment, the credit given by the state will be withdrawn from the federal computation ...."

Petitioner's projected release date was changed from February 1, 2009, to March 20, 2009, as a result of good conduct time disallowed following adjudication of disciplinary actions.

I have reviewed SENTRY to determine if Petitioner has filed any administrative remedies regarding his sentence computation. Petitioner has filed administrative remedies regarding disciplinary actions only.

## Analysis

*Administrative Remedies*

The district court has authority to grant a writ of habeas corpus if a prisoner is in custody under the United States and if he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(1),(3). Although the statute does not explicitly require prisoners to exhaust available administrative remedies before filing a petition pursuant to Section 2241, the United States Court of Appeals for the Fifth Circuit has held prisoners must exhaust such remedies before seeking habeas relief. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991).

The Bureau of Prisons, which operates the unit where petitioner is confined, has a four-step administrative process for resolving complaints by prisoners. Initially, a prisoner must

attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden on a prescribed form. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id*.

The respondent has submitted documentation indicating petitioner did not attempt to exhaust his administrative remedies before filing his petition. Petitioner has not contested the documentation or stated he has exhausted his administrative remedies. As petitioner has not exhausted his administrative remedies, his petition will be dismissed.

*Merits of the Petition*

Petitioner asserts he should receive credit towards his sentence during the period from June 10, 2002, when he was arrested by Jefferson County authorities, through September 4, 2002, when he was transferred to the custody of the United States Marshal Service.

18 U.S.C. § 3585 provides as follows:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence

    service of sentence at, the official detention facility at which the sentence is to be served.

    (b) A defendant is to be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

        (1) as a result of the offence for which the sentence was imposed; or

        (2) as a result of any other charge for which the the defendant was arrested after the commission of the offense for which the sentence was imposed;

    that has not been credited towards another sentence.

The mandate of Section 3585(b) is clear. A federal inmate may be given credit for any time he spent in official detention sentence only if such time has also not been credited towards his state sentence. Petitioner asserts he should receive credit towards his federal sentence for a certain part of the time he spent in state custody. However, petitioner does not dispute the respondent's assertion that he was given credit towards his state sentence for such period of time. As a result, Section 3585 does not permit such period of time to also be used to reduce his federal sentence. This petition for writ of habeas corpus is therefore without merit.

<u>Conclusion</u>

For the reasons set forth above, this petition for writ of habeas corpus will be dismissed.  An appropriate final judgment shall be entered.

**SIGNED** this the **13** day of **March, 2008.**

_____
Thad Heartfield
United States District Judge